UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO WILLIAMS, | No. 2: 12-cv-2759 KJN P |
| Petitioner, | |
| v. | ORDER |
| BABCOCK, | |
| Respondents. | |

Introduction

     Petitioner is a federal prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner is presently incarcerated in the Federal Correctional Complex in Adelanto, California, which is located in the United States District Court for the Eastern District of California.  The parties have consented to the jurisdiction of the undersigned.

     In 2005, in the United States District Court for the Eastern District of Virginia, petitioner plead guilty to attempting to possess cocaine with the intent to distribute cocaine in violation of 18 U.S.C. § 846, 841(a)(1) and 841(b)(1)(C).  Petitioner also plead guilty to possession of a firearm and ammunition by a conviction felon in violation of 18 U.S.C. § 922(g)(1) and 924(e).

     This action is proceeding on the original petition filed August 10, 2012.  (ECF No. 1.) Petitioner alleges that his guilty pleas were not voluntary because he was not adequately apprised

of the elements of the offenses.  Petitioner further argues that he is innocent of the charges.

Pending before the court is respondent's motion to dismiss.  (ECF No. 25.)  For the reasons stated herein, respondent's motion is granted.

Discussion

*Jurisdiction*

A federal prisoner who wishes to challenge the validity of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  In such cases, only the sentencing court has jurisdiction.  Id. at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district of confinement.  Hernandez, 204 F.3d at 864-65.

Here, petitioner is challenging the validity and constitutionality of his conviction. Therefore, the appropriate procedure would be to file a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Virginia, and not a habeas petition pursuant to 28 U.S.C. § 2241 in this court.

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention."  Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008).  This is called the "savings clause" or "escape hatch" of § 2255. Id.  Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective.  Aronson v. May, 85 S. Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or

1  unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d

2  390 (9th Cir. 1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956).  The burden is on the

3  petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315

4  F.2d 76, 83 (9th Cir. 1963).

5        The Ninth Circuit has "held that a § 2241 petition is available under the 'escape hatch' of

6  § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an

7  'unobstructed procedural shot' at presenting that claim."  Stephens v. Herrera, 464 F.3d 895, 898

8  (9th Cir. 2006).

9  Discussion

10        In the instant case, petitioner argues that the "escape hatch" exception applies to him

11  because he is raising claims of actual innocence.  Respondent moves to dismiss on grounds that

12  petitioner does not meet the requirements for the "escape hatch" exception.

13        In support of his claim of actual innocence, petitioner argues that he never carried a

14  firearm on his person during or in relation to any drug trafficking crime.  (ECF No. 1 at 15.)

15  Petitioner also argues that he had no knowledge of the firearm that was found in the glove box of

16  the car he was driving.  (Id.)  Petitioner argues that law enforcement never witnessed him

17  involved in any drug activities on the date the firearm was recovered from the vehicle he

18  occupied.  (Id.)  Petitioner also argues that no drugs were found in the vehicle he occupied.  (Id.)

19  Petitioner contends that he was "simply arrested while walking in the direction of the location

20  where he believed the confidential informant would be waiting to further discuss a price for an

21  amount of powder cocaine."  (Id.)

22        In the motion to dismiss, respondent argues that petitioner has not demonstrated that he is

23  actually innocent. In support of this argument, respondent provides a copy of a document filed in

24  petitioner's criminal case in the District Court for the Eastern District of Virginia titled

25  "Statement of Facts to Support Guilty Plea."  (ECF No. 25-1 at 36.)  This document, signed by

26  petitioner, states in relevant part,

27          On February 24, 2005, U.S. Marshals, DEA agents and Norfolk
        police arrested Asiatic "Supreme" Robinson on a federal fugitive
28          warrant from the Western District of North Carolina.  Robinson has

>absconded while on bond pending sentencing on federal cocaine trafficking charges. When arrested in Chesapeake, Robinson offered to contact "Ant Lo," a person Robinson stated wanted to obtain cocaine. Robinson identified a photograph as the person known to him as "Ant Lo" and that person was Angelo Williams.
>
>Robinson agreed to make a consensually monitored telephone call to Williams. During the telephone call, between Robinson's cell phone and Williams' cell phone, Williams said he had been calling Robinson, also known as "Big Boy," "all morning" and he "need[ed] a nine" [nine ounces or about 252 grams of cocaine or a quarter kilo] and also asked Robinson "how much of that hard you got left?" Williams said he wanted "the usual" but he "want[ed] to get one side of it right now" [two "ninas" would be a half kilo] and added "and then I'll just come back and get the other junk after I … let somebody check it out…"
>
>The delivery spot for Robinson and Williams was at 1048 West 36th Street in Norfolk. Robinson and Williams had two more telephone calls as Williams approached the spot for the delivery. At about 4:00 p.m. a Norfolk narcotics investigator conducting surveillance observed Williams arrive in the 1000 block of West 37th Street driving a green four-door Infiniti Q45. Williams parked the car and began walking through a backyard towards 1048 West 36th Street.
>
>A DEA task officer approached Williams and arrested him for attempting to buy cocaine, advised defendant of his Miranda rights, and defendant agreed to talk. During a search of Williams incident to arrest, the officers recovered $6869 in cash of which $6000 was in a plastic bag. In search of the vehicle, the officers discovered that the only occupant was defendant's 12 year old daughter. The officers recovered a .40 caliber Glock semiautomatic pistol and a loaded magazine next to it from the unlocked glove compartment of the vehicle. When interviewed at the Police Operations Center, after again being advised of his Miranda rights and signing a waiver, defendant stated that he had previously held the gun found in the car and it was not loaded. He stated his wife had purchased it after they had a home invasion. He also admitted that when arrested he was on his way to buy nine ounces of cocaine from "Supreme" for which he expected to pay $5500. In response to the question how long he had been getting cocaine from "Supreme," defendant stated "not even a month."

(Id. at 36-37.)

To secure a conviction under 21 U.S.C. § 841, "the government must 'prove beyond a reasonable doubt that the defendant (1) knowingly, (2) possessed the cocaine, (3) with an intent to distribute it." United States v. Cain, 130 F.3d 381, 382 (9th Cir. 1997).

"To establish a violation of § 922(g)(1), the government must prove [only] three elements beyond a reasonable doubt: (1) that the defendant was a convicted felon; (2) that the defendant

4

1   was in knowing possession of a firearm; and (3) that the firearm was in or affecting interstate
2   commerce." United States v. Beasley, 346 F.3d 930, 933-34 (9th Cir. 2003).

3         Petitioner plead guilty to attempting to possess 250 grams of powder cocaine with the
4   intent to distribute and one count of possession of a handgun by a convicted felon.  (ECF No. 25-
5   1 at 13.)   The facts contained in the "Statement of Facts" set forth above, a document signed by
6   petitioner, support petitioner's convictions for both offenses.  The facts demonstrate that
7   petitioner attempted to buy a large amount of cocaine.  The fact that petitioner did not actually
8   purchase the cocaine and come to possess it does not undermine his conviction for attempting to
9   possess the cocaine for sale.

10         Petitioner further argues that he is actually innocent of being a felon in possession of a
11   firearm because he had no knowledge that the firearm was in the car he was driving.  According
12   to the presentence report, filed under seal in this court, during an interview with the Norfolk
13   Police Department after the offense, petitioner stated that his wife had put the firearm in the glove
14   box because they had a home invasion.  (ECF No. 37 at 12.)  This statement demonstrates that
15   petitioner was in knowing possession of the firearm.

16         While petitioner has made a claim of actual innocence, required for application of the
17   "escape hatch" exception, he has not raised a true actual innocence claim.  Instead, petitioner
18   merely recites the circumstances of the offense, which he admitted, and argues that they are
19   insufficient to support his convictions.  To the extent petitioner's motion may be construed as
20   raising a true actual innocence claim, he has not raised a credible actual innocence claim.  As
21   discussed above, the "Statement of Facts" supported petitioner's convictions.  To qualify for the
22   "escape hatch" exception, the actual innocence claim must be credible.  See Trenkler v. United
23   States, 536 F.3d 85, 99 (1st Cir. 2008) (noting that "[m]ost courts have required a credible
24   allegation of actual innocence to access the savings clause").

25         Petitioner also fails to demonstrate that he did not have an "unobstructed procedural shot"
26   at presenting his actual innocence claim.  In his petition, petitioner asserts that he failed to file his
27   claim on direct appeal or in a timely motion pursuant to 28 U.S.C. § 2255.  (ECF No. 1 at 11.)
28   This statement does not demonstrate that petitioner did not have an "unobstructed procedural

shot" at presenting his actual innocence claim.

Because petitioner does not qualify for application of the "escape hatch" doctrine, respondent's motion to dismiss is granted.

Accordingly, IT IS HEREBY ORDERED that respondent's motion to dismiss (ECF No. 25) is granted.

Dated: August 15, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Will2759.157